UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHANE A. HARROLD,                  )<br>    Plaintiff,              )<br>                                    )<br>    v.                              )     CAUSE NO.: 3:24-CV-43-JVB-JEM<br>                                    )<br>WARDEN,                             )<br>    Defendant.              )  | |

## OPINION AND ORDER

Shane A. Harrold, a prisoner without a lawyer, filed an amended habeas petition challenging the disciplinary decision (WCC-23-3-227) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of trafficking in violation of Indiana Department of Correction Offense 113. Following a hearing, he was sanctioned with a loss of ninety days earned credit time.

Harrold argues that he is entitled to habeas relief because the administrative record contains insufficient evidence to support the finding of guilt. He contends that he did not know that a soup packet qualified as contraband.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

According to departmental policy, trafficking encompasses "transferring or in any other manner moving an unauthorized physical object to another person or . . . transferring or in any other manner moving an unauthorized physical object from another person without the prior authorization of the facility warden or designee." (ECF 9-7 at 6). The offender handbook for the

Westville Control Unit states, "Nothing is ever to be passed from one offender to another offender. Items confiscated from offenders 'cadillacing' to one another will not be returned while at WCU." (ECF 12-9 at 2). According to the Warden, "cadillacing" is the practice of attaching a string to an item in an effort to exchange objects between separately celled inmates. ECF 12-10.

The administrative record includes a conduct report in which a sergeant represents that Harrold was seen on a surveillance camera sweeping a red package attached to a string into a cell in the Westville Control Unit. (ECF 12-1). It also includes a video recording in which it is clear that the red package is attached to a string coming from a location, likely a cell, on the left side of the hallway and that Harrold makes numerous attempts to sweep the package under the door of a cell on the right side of the hallway.[1] (ECF 14; ECF 16). Taken together, the administrative record demonstrates that Harrold facilitated a transaction between two other inmates involving a physical object and that that transaction had been expressly disallowed in a written policy. The conduct report and the video recording thus constitute some evidence that Harrold committed trafficking as defined by departmental policy. Therefore, this claim is not a basis for habeas relief.

Harrold argues that he is entitled to habeas relief because he did not receive adequate notice of the disciplinary offense of trafficking. He asserts that trafficking is vaguely defined and that soup packets are sold in the commissary. Notably, Harrold does not claim that he received inadequate notice of the charges for purposes of defending himself but instead claims that he did not receive adequate notice of the disciplinary offense for purposes of conforming his conduct to the rules. Adequate notice of disciplinary offenses is not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that this list of

---

[1] It appears that numerous attempts were necessary because the red package remained attached to the string.

2

requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)).

Further, the Court would not find that the trafficking offense was unconstitutionally vague even assuming that the void for vagueness doctrine applies in prison disciplinary proceedings. The Indiana Department of Correction has several policies detailing the property that prisoners are allowed to possess or to purchase,[2] and the Westville Control Unit handbook expressly provides that inmates housed therein are not allowed to exchange items with each other. (ECF 12-9 at 2). Additionally, the record indicates that Harrold was instructed not to move things from cell to cell in his capacity as a porter by his supervisor. (ECF 12-11). While there may be scenarios in which it is difficult to discern whether property has been authorized by the Warden or his designee or whether moving property from one place to another amounts to trafficking, the incident described in the conduct report is not one of them. Therefore, this claim is not a basis for habeas relief.

Because Harrold has not asserted a valid claim for habeas relief, the habeas petition is denied. If Harrold wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the Court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the Court:

(1) **DENIES** the amended habeas corpus petition (ECF 7);

(2) **DIRECTS** the clerk to enter judgment and close this case; and

(3) **DENIES** Shane A. Harrold leave to proceed in forma pauperis on appeal.

---

[2] For example, the IDOC maintains policies regarding inmate personal property and commissary use. *See* Indiana Department of Correction, Policies, https://www.in.gov/idoc/policies-and-statistics/policies/.

SO ORDERED on July 24, 2024.

                                                              s/ Joseph S. Van Bokkelen  
                                                              JOSEPH S. VAN BOKKELEN, JUDGE  
                                                              UNITED STATES DISTRICT COURT